# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **REECE ARNOLD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 21-2341-DDC-GEB |
| | ) |
| **CNH INDUSTRIAL AMERICA LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE AND ORDER TO SHOW CAUSE

**To Plaintiff by and through his attorneys**:

Plaintiff Reece Arnold filed this products liability action against defendant CNH Industrial America LLC in this federal district court on August 4, 2021. Plaintiff cites as the sole basis for federal subject matter jurisdiction the diversity of citizenship of the parties. (Compl., ECF No. 1 at ¶¶ 1-3, citing 28 U.S.C. § 1332.)

Section 1332 of Title 28 of the United States Code requires complete diversity between all plaintiffs and all defendants.[1]  For reasons explained below, the Court directs Plaintiff to show cause why the undersigned U.S. Magistrate Judge should not recommend the dismissal of this action for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

In the Complaint (ECF No. 1 at ¶¶ 1-3), Plaintiff alleges that diversity of citizenship exists. But the Complaint does not go so far as to properly allege the facts sufficient to allow the Court to determine whether diversity of citizenship exists in this case.  The

---

[1] 28 U.S.C. § 1332(a); *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).

Complaint claims:

> 1. Plaintiff is an adult resident of the State of Kansas and the owner of a 2017 New Holland RB 560 Baler; Serial Number: YGN192991 (the "Subject Baler").
>
> 2. Defendant is a foreign corporation that conducts business within the State of Kansas with its home office located at 700 State Street, Racine, WI 53404 and a registered agent and registered office of The Corporation Company, Inc., 112 SW 7th Street, Suite C, Topeka, KS 66603.
>
> 3. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the claims asserted herein because there is complete diversity between the parties and the Plaintiff's claims seek damages in excess of $75,000, exclusive of interest and costs.

(ECF No. 1 at ¶¶ 1-3.)

As for the factual allegations regarding Plaintiff, as an individual, diversity jurisdiction is based upon his citizenship.[2] Citizenship determinations are based on an individual's domicile.[3] "Although similar in their meaning, 'residency' and 'domicile' are distinct concepts for purposes of diversity jurisdiction. 'Domicile is not necessarily synonymous with residence.'"[4] An individual "can reside in one place but be domiciled in another."[5] "For adults, domicile is established by physical presence in a place in

---

[2] *See generally* 28 U.S.C. § 1332.

[3] *C.C. v. Med-Data, Inc.*, No. 21-2301-DDC (D. Kan. July 23, 2021) (order to show cause) (citing *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006) (explaining that "[f]or purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile[,]" and "[t]o establish domicile in a particular state, a person must be physically present in the state and intend to remain there").

[4] *Id*. (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citation omitted).

[5] *Id*. (citing *Miss. Band of Choctaw Indians*, 490 U.S. at 48) (other citations omitted).

2

connection with a certain state of mind concerning one's intent to remain there."[6] Because Plaintiff alleges only his state of residence, but not his domicile or citizenship, the Court is unable to determine proper jurisdiction.

Additionally, the allegations regarding Defendant's citizenship are incomplete. If a business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located.[7] Plaintiff outlines the defendant is a foreign corporation with its "home office" in Racine, Wisconsin. However, the Complaint neither fully outlines the state of Defendant's incorporation nor makes clear whether the "home office" equates to its principal place of business.

The Court has an independent obligation to satisfy itself that subject matter jurisdiction exists.[8] And, the Court "must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking."[9] Here, the record does not contain sufficient information for this Court to determine whether subject matter jurisdiction exists.

The Court thus directs Plaintiff, by and through his counsel, to show cause, **within 14 days of this Order**, why the undersigned U.S. Magistrate Judge should not recommend this case for dismissal.

---

[6] *Id.* (citing *Miss. Band of Choctaw Indians*, 490 U.S. at 48) (other citations omitted).
[7] *See* 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).
[8] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).
[9] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**IT IS THEREFORE ORDERED** that Plaintiff Reece Arnold is directed to **show cause within 14 days** why the Court should not recommend dismissal of this matter for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

**IT IS SO ORDERED.**

Dated this 5th day of August, 2021.

                                            s/ Gwynne E. Birzer
                                            GWYNNE E. BIRZER
                                            United States Magistrate Judge