UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REECE ARNOLD,

                Plaintiff,

v.                                                Case No.   21-2341-DDC-GEB

CNH INDUSTRIAL AMERCIA LLC,

                Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant CNH Industrial America, LLC's, ("CNH") Motion for Protective Order and Motion to Quash in Part Plaintiff's Rule 30(b)(6) Deposition Notice and Supporting Memorandum, ("Motion.")[1]

After full consideration, the Court **GRANTS in part and DENIES in part** CNH's Motion.

### I.    Background[2]

Plaintiff Reece Arnold, ("Arnold") brings this diversity case alleging breach of warranty, products liability, and negligence claims against CNH regarding a manufactured baler purchased by Arnold from KanEquip, Inc. ("KanEquip") on September 28, 2018. The

---

[1] ECF Nos. 37 and 38.
[2] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), Answer (ECF No. 13), Memorandum in Support of Defendant's Motion for Protective Order and Motion to Quash in Part Plaintiff's Rule 30(b)(6) Deposition Notice (ECF No. 38), Plaintiff's Memorandum in Opposition to Defendant's Motion for Protective Order and Motion to Quash in Part Plaintiff's Rule 30(b)(6) Deposition Notice (ECF 39), and Defendant's Reply in Support of Motion for Protective Order and Motion to Quash in Part Plaintiff's Rule 30(b)(6) Deposition Notice (ECF No. 40). This background information should not be construed as judicial findings or factual determinations.

baler was sold with a 12-month express warranty from CNH. The warranty is silent regarding the procedure for making a warranty claim, but it guarantees CNH "will replace, at its option, any unit found to be defective in material or workmanship." In the subsequent years, Arnold had some problems with the baler which resulted in him making four warranty claims between 2018-2019 by simply contacting KanEquip and notifying their representatives that he was having trouble with the baler.  In each instance, the baler was repaired at no cost to Arnold. While operating the baler on August 8, 2019, a fire began and the baler was completely destroyed, giving rise to this case. CNH was notified of the fire on January 27, 2020, and KanEquip was notified of the fire six days later on February 3, 2020.  Both entities sent representatives to inspect the baler on April 17, 2020.  After the case was filed, CNH inspected the baler a second time on December 1, 2021.

Arnold's claims, in part, allege CNH breached both the express and implied warranties.  During the course of discovery, Arnold served a Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6)") notice on CNH.  The notice was served on June 22, 2022, with the deposition to take place on June 24, 2022. The parties agree the notice was not timely, so the issue of the timing of the notice and date for the deposition is not for decision by the Court. However, there are three deposition topics in dispute, which include: 1) information about CNH's warranty claims process; 2) how it evaluates warranty claims; and 3) and how it investigates warranty claims. Specifically:

> Topic 4: What Holland Agriculture [sic] and/or CNH Industrial America, LLC Product Warranty claims process is.
>
> Topic 5: How Holland Agriculture [sic] and/or CNH Industrial American, LLC Product Warranty claims are evaluated.

> Topic 6: How Holland Agriculture [sic] and/or CNH Industrial America, LLC Product Warranty claims are investigated.[3]

CNH objects to these topics as unduly burdensome, overly broad, and irrelevant, resulting in the instant motion.

## II. Compliance with D. Kan. Rule 37.2

Pursuant to D. Kan. Rule 37.2, this Court "will not entertain any motion to resolve a discovery dispute" unless the moving party has "conferred or has made reasonable effort to confer with opposing counsel" before filing a motion. CNH recounts the parties had two telephone calls regarding its objections to the topics Arnold identified for the Rule 30(b)(6) deposition. The parties resolved a portion of the issues, but the parties could not resolve the objections to topics 4, 5 and 6.[4] The Court finds the parties have adequately complied with D. Kan. Rule 37.2.

## III. Discussion.

### A. Defendant's Position.

As previously stated, CNH makes two arguments: 1) The topics impose an undue burden because the benefit is minimal; 2) The topics are irrelevant to the claims and defenses of the parties and to Arnold's requested damages. In its Motion, CNH requests the Court quash the subpoena in part and enter an order directing CNH be relieved of the duty to produce a corporate representative to testify regarding topics 4, 5, and 6.[5] However,

---

[3] ECF No. 38.
[4] *Id.*
[5] *Id.*

3

in its Reply in Support of Motion for Protective Order and Motion to Quash in Part Plaintiff's Rule 30(b)(6) Deposition Notice, CNH modifies its request for relief and requests the Court limit topics 4, 5, and 6 to inquiry solely regarding the first four warranty claims submitted by Arnold for the baler in question.[6]

### B. The Plaintiff's Position.

Arnold disagrees with CNH and argues the topics are highly relevant to Arnold's claims because they go to the heart of the express warranty, whether a warranty claim was made, and whether the warranty was breached. Arnold further alleges CNH has failed to prove the topics are unduly burdensome, and, as such, CNH has failed to argue valid grounds for the Court to issue a protective order.[7]

### C. Applicable Law.

Discovery is generally governed by Fed. R. Civ. P. 26 which provides, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[8] "There is a presumption in favor of disclosure of information" and, relevance is to be "construed broadly to encompass any matter that bears on, or that

---

[6] ECF No. 40.
[7] ECF No. 39.
[8] Fed. R. Civ. P. 26(b)(1).

reasonably could lead to other matters that could bear on any party's claim or defense."[9] Further, "Information within this scope of discovery need not be admissible in evidence to be discoverable."[10] Discovery should proceed "unless *it is clear* that the information can have *no possible bearing*" on the claims or defense of a party.[11]

A party may depose the corporate representative of a company pursuant to Rule 30(b)(6). The Rule sets forth, "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with *reasonable particularity* the matters for examination."[12] In this case, CNH moves the Court to issue a protective order and quash, in part, the Rule 30(b)(6) notice of deposition issued by Arnold. It further requests the Court limit topics, 4, 5 and 6 only to the first four warranty claims submitted for the baler that is the subject matter of this dispute.[13]

**D. Discussion.**

The decision to enter a protective order upon a finding of good cause, is within the court's discretion.[14] Upon a showing of good cause, a court may "make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue

---

[9] *Williams v. UnitedHealth Grp.*, No. 18-2096-HLT, 2020 WL 528604, at *1 (D. Kan. Feb. 3, 2020) (quoting *Gilmore v. L.D. Drilling, Inc.*, No. 16-2416-JAR, 2017 WL 2439552, at *1 (D. Kan. June 6, 2017)).
[10] Fed. R. Civ. P. 26(b)(1).
[11] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citing *Scott v. Leavenworth USD No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999) (emphasis in original)).
[12] Fed. R. Civ. P. 30(b)(6) [emphasis added].
[13] ECF No. 40.
[14] *Thomas v. International Bus. Mach.*, 48 F.3d 478, 482 (10th Cir.1995).

burden or expense."[15] The party seeking a protective order has the burden to demonstrate good cause.[16] Here, CNH argues compliance with the Rule 30(b)(6) notice would create an undue burden, which requires a showing by CNH the information sought through the deposition must be "unreasonable in light of the benefits to be secured from the discovery."[17]

As set forth in the topics identified in the deposition notice, Arnold seeks information associated with the warranty claims process of CNH. This information is relevant to the claims and defenses of both parties in this case. In fact, the thrust of this case relates to whether a warranty claim was properly made by Arnold. Arnold asserts a warranty claim was made on January 27, 2020, when CNH was notified of the fire and again on February 3, 2020, when KanEquip was given notice of the fire that destroyed the baler. In its Motion, CNH contends no warranty claim was made by Arnold or KanEquip. But, in its Reply, CNH argues no warranty claim was made within the warranty period.[18]

Even though topics 4, 5, and 6 identify subjects that could reasonably lead to information that bears on "any party's claim or defense,"[19] Arnold's topics, as identified, are void of any parameters with which to prepare the deponent.[20] The Court agrees the topics, as written, are not described with reasonable particularity and, thus, are overly

---

[15] Fed. R. Civ. P. 26(c).
[16] *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D.Kan.1996).
[17] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 674 (D.Kan. 2003) citing *Snowden by and Through Victor v. Connaught Labs., Inc.*, 137 F.R.D. 325, 333 (D.Kan.1991).
[18] ECF Nos. 38 and 40.
[19] *Williams v. UnitedHealth Grp.*, No. 18-2096-HLT, 2020 WL 528604, at *1 (D. Kan. Feb. 3, 2020) (quoting *Gilmore v. L.D. Drilling, Inc.*, No. 16-2416-JAR, 2017 WL 2439552, at *1 (D. Kan. June 6, 2017)).
[20] ECF No. 38.

broad. Arnold argues CNH is required to present an affidavit or some other detailed explanation to prove its claim of undue burden or expense.[21] But it is "well-settled that if a party is resisting *facially* overbroad or unduly burdensome discovery," no specific, detailed or evidentiary support is required.[22] Based upon his Rule 30(b)(6) notice, Arnold would have CNH's representative testify about the claim processes, investigations, and evaluations in place since CNH was formed, in any location in which CNH does business and on any product it sells. On its face, Arnold's deposition notice does not describe with reasonable particularity the topics for inquiry, is unduly burdensome, and unreasonable in light of the benefits to be secured from the discovery.

For the reasons set forth herein, the Court finds the "reasonable particularity" requirement of Rule 30(b)(6) has not been met, and the Court quashes, in part, Arnold's notice. The Court finds good cause exists and will enter a protective order limiting the scope of topics 4, 5, and 6 for a future Rule 30(b)(6) deposition. As narrowed by the Court, the representatives of CNH shall be prepared to testify regarding the following topics 4, 5, and 6:

> Topic 4: CNH Industrial America, LLC's product warranty claims process since 2018 for warranties on motorized agricultural equipment sold in the United States, where the warranty did not identify the procedure for making a warranty claim.
>
> Topic 5: How CNH Industrial America, LLC has evaluated Product Warranty claims since 2018 on motorized agricultural

---

[21] ECF No. 39.
[22] *Lipari v. U.S. Bancorp, N.A., et al*, No. 07-2146-CM-DJW, 2008 WL 4642618, at *3 (D. Kan. 2008). *See also, Aikens, 217 F.R.D. at 537–38; Mackey v. IBP, Inc.,* 167 F.R.D. 186, 198 (D.Kan.1996).

equipment sold in the United States, where the warranty did not identify the procedure for making a warranty claim.

Topic 6: How CNH Industrial America, LLC has investigated Product Warranty claims since 2018 on motorized agricultural equipment sold in the United States when the warranty did not identify the procedure for making a warranty claim.

Further, the Court quashes the Notice, and no deposition will take place until a Rule 30(b)(6) notice complying with this order is issued.

## IV. Conclusion.

**IT IS THEREFORE ORDERED** that CNH's Motion for Protective Order and Motion to Quash in Part Plaintiff's Rule 30(b)(6) Deposition Notice **(ECF No. 37)** is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** no corporate deposition shall take place until a Fed. R. Civ. P. 30(b)(6) deposition notice complying with this order is issued.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 16th day of August 2022.

                                                s/ Gwynne E. Birzer
                                                GWYNNE E. BIRZER
                                                United States Magistrate Judge